EA3SGANP

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          14 CR 123

5    ISHITA GANGULY,

6              Defendant.

7    ------------------------------x

8                                          New York, N.Y.
                                           October 3, 2014
9                                          10:00 a.m.

10

11   Before:

12              HON. VERNON S. BRODERICK,

                                           District Judge
13

14                    APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     BRENDAN QUIGLEY
17        Assistant United States Attorney

18   THOMAS A. TORMEY, JR.
          Attorney for Defendant
19

20

21

22

23

24

25
```

EA3SGANP

```
1              (Case called)

2              THE DEPUTY CLERK:  Counsel, please state your name for

3    the record.

4              MR. QUIGLEY:  Brendan Quigley for the government.

5              MR. TORMEY:  Thomas Tormey.

6              THE COURT:  Good morning, Mr. Tormey.

7              MR. TORMEY:  Good morning, your Honor.

8              THE COURT:  Good morning, Ms. Ganguly.

9              THE DEFENDANT:  Good morning, your Honor.

10             THE COURT:  You may be seated.

11             I have been informed that you wish to plead guilty to

12   Count One of indictment 14 CR 123, is that correct?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Now, I have a copy of the plea agreement.

15   Is there a signed plea agreement?

16             MR. QUIGLEY:  Yes.

17             MR. TORMEY:  There is, your Honor.

18             THE COURT:  I take it, Mr. Tormey, you have had

19   sufficient opportunity to review it with your client and it has

20   been fully executed?

21             MR. TORMEY:  Yes, your Honor, three copies.

22             MR. QUIGLEY:  One for the judge.

23             MR. TORMEY:  We have, too, signed one other copy.

24             THE COURT:  Okay.

25             MR. TORMEY:  It has been signed, your Honor.
```

EA3SGANP

```
 1            THE COURT:  Thank you, Mr. Quigley.

 2            Ms. Ganguly, before I accept your guilty plea, I am

 3    going to ask you certain questions so that I may establish to

 4    my satisfaction that you wish to plead guilty because you are

 5    guilty and not for some other reason, and also to establish

 6    that you know what you will be giving up by pleading guilty.

 7    If you do not understand any of my questions or if you want to

 8    consult with your attorney, feel free to let me know, and we

 9    will stop the proceedings and I will let you have time to do

10    that.  It is essential, in order that we have a valid plea

11    here, that you understand everything that I am saying.  Okay?

12            THE DEFENDANT:  Yes, your Honor.

13            Ms. Williams, could you please swear Ms. Ganguly?

14            (Defendant sworn)?

15            THE COURT:  Ms. Ganguly, you are now under oath, which

16    means that if you answer any of my questions falsely, you may

17    be prosecuted for a separate crime of perjury.  Do you

18    understand that?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  What is your full name?

21            THE DEFENDANT:  Ishita Ganguly.

22            THE COURT:  How old are you?

23            THE DEFENDANT:  I'm 32 years old.  I'll be 33

24    October 7.

25            THE COURT:  How far did you go in school?
```

EA3SGANP

1              THE DEFENDANT:  I have a master's degree.

2              THE COURT:  Have you ever been treated or hospitalized

3    for a mental illness?

4              THE DEFENDANT:  No, your Honor.

5              THE COURT:  Are you now or have you recently been

6    under the care of a doctor or a psychiatrist?

7              THE DEFENDANT:  A psychiatrist, your Honor.

8    Dr. Krueger.

9              THE COURT:  Now, in connection with your treatment

10   with Dr. Krueger, do you take medication?

11             THE DEFENDANT:  I do, but I have not taken this

12   medication for 24 hours.

13             THE COURT:  However, when you do take that medication,

14   does it affect your ability to understand or --

15             THE DEFENDANT:  No, your Honor.

16             THE COURT:  -- comprehend?

17             As you mentioned, the last time you took this

18   medication was 24 hours ago, is that right?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Now, are there any other drugs that you

21   have taken or alcohol in the past 24 hours?

22             THE DEFENDANT:  No, your Honor.

23             THE COURT:  Is your mind clear today?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Do you understand what is happening today?

5

EA3SGANP

1          THE DEFENDANT:  Your Honor.

2          THE COURT:  Mr. Tormey, am I pronouncing that

3     correctly?

4          MR. TORMEY:  You are.  Yes, your Honor.  Thank you.

5          THE COURT:  Mr. Tormey, have you discussed this matter

6     with your client?

7          MR. TORMEY:  I have, your Honor.

8          THE COURT:  Does she understand the rights she will be

9     waiving by pleading guilty?

10         MR. TORMEY:  I believe she does, your Honor.

11         THE COURT:  Is she also capable of understanding the

12    nature of these proceedings?

13         MR. TORMEY:  Yes, she is, your Honor.

14         THE COURT:  Do either counsel know or have any doubt

15    of Ms. Ganguly's competence to plead guilty at this time?

16         MR. QUIGLEY:  No, your Honor.

17         MR. TORMEY:  No, your Honor.

18         THE COURT:  On the basis of your comments, Ms.

19    Ganguly, and your responses to my questions and my observations

20    of you and your demeanor here in court and the representations

21    of your counsel, I find that you are fully competent to enter

22    an informed guilty plea at this time.

23         Now, Ms. Ganguly, have you received a copy of the

24    indictment?

25         THE DEFENDANT:  Yes, your Honor.

EA3SGANP

1          THE COURT:  Did you read it?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Do you waive a public reading here today?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Now, have you had enough time to discuss

6    with your lawyer the charge to which you intend to plead guilty

7    and any possible defenses to that charge?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Has your lawyer explained to you the

10   consequences of entering a plea of guilty?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Are you satisfied with your lawyer's

13   representation?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Now, I am going to explain to you certain

16   constitutional rights that you have.  These are rights that you

17   will be giving up if you enter a guilty plea.  Please listen

18   carefully to what I am about to say, and if you don't

19   understand something, stop me, and either I or your lawyer will

20   explain it more fully to you.  Okay?

21         THE DEFENDANT:  Um-hmm.

22         THE COURT:  All right.  Under the Constitution and

23   laws of the United States, you have a right to plead not guilty

24   to the charge in the indictment.  Do you understand that?

25         THE DEFENDANT:  Yes, your Honor.

EA3SGANP

1          THE COURT:  If you plead not guilty, you would be

2    entitled to a speedy and public trial by a jury on the charges

3    contained in this indictment.  Do you know that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  At the trial, you would be presumed

6    innocent and the government would be required to prove you

7    guilty by competent evidence beyond a reasonable doubt before

8    you could be found guilty.  Do you understand that?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  A jury of 12 people would have to agree

11   unanimously that you were guilty and you would not have to

12   prove that you were innocent if you were to go to trial.  Do

13   you understand that?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  At trial, and at every stage of your case,

16   you are entitled to be represented by a lawyer, and if you

17   could not afford a lawyer, one would be appointed to you at

18   public expense; in other words, free of cost.  Do you

19   understand that?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  During a trial, the witnesses for the

22   government would have to come to court and testify in your

23   presence.  Your lawyer could cross-examine the witnesses for

24   the government, object to evidence offered by the government,

25   and offer evidence on your own behalf, if you so desired.  You

EA3SGANP

1   would have the right to have subpoenas issued or process used

2   to compel witnesses to testify in your defense.  Do you

3   understand that?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  At trial, although you would have a right

6   to testify if you so choose, you would also have a right not to

7   testify.  If you decided not to testify, no one, including the

8   jury, could draw any inference or suggestion of guilt from the

9   fact that you did not testify.  Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Have you had a full opportunity to discuss

12  with your lawyer whether there is any basis to seek suppression

13  of some or all of the evidence against you on a ground that

14  your constitutional rights were violated?

15          THE DEFENDANT:  No, your Honor.  Yes, your Honor, I

16  had an opportunity to talk to my attorney.  Yes.

17          THE COURT:  About the evidence and any probable

18  defenses?

19          THE DEFENDANT:  Yes.  Yes, I have.  Sorry about that.

20          THE COURT:  That is okay.

21          Do you understand that by pleading guilty, you are

22  giving up your right to seek the suppression of any evidence

23  against you?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  If you were convicted at trial, you would

EA3SGANP

1   have a right to appeal that verdict.  Do you understand that?

2             THE DEFENDANT:  Yes, your Honor.

3             THE COURT:  Even now, as you sit here today, as you

4   are entering your plea, you have a right to change your mind

5   and plead not guilty and go to trial on the charges contained

6   in the indictment.  Do you understand that?

7             THE DEFENDANT:  Yes, your Honor.

8             THE COURT:  If you plead guilty and I accept your

9   plea, you will be giving up your right to the trial and other

10  rights that I have just discussed, other than your right to a

11  lawyer, which you will have regardless of whether or not you

12  plead guilty, but there will be no trial and I will enter a

13  judgment of guilt and sentence on the basis of your plea, after

14  I have considered the presentence report and whatever

15  submissions I get from your lawyer and from the government.

16  There will be no appeal with respect to whether or not the

17  government could use the evidence it has against you or with

18  respect to whether you did or did not commit the crime.  Do you

19  understand that?

20            THE DEFENDANT:  Yes, your Honor.

21            THE COURT:  If you plead guilty, you will also have to

22  give up your right not to incriminate yourself, because I, in

23  fact, will ask you questions about what you did in order to

24  satisfy myself that you are guilty as charged.  You will have

25  to admit and acknowledge your guilt.  Do you understand that?

EA3SGANP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand each and every one of

3    the rights I have just explained to you?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Ms. Ganguly, are you willing to give up

6    your right to trial and the other rights I have just discussed

7    with you?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you understand that you are charged

10   with securities fraud?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Mr. Quigley, would you please provide a

13   description of the elements of the offense?

14         MR. QUIGLEY:  Yes, your Honor.  This offense has three

15   elements.

16         First, that in the offering of or selling of a

17   security here and any shares in an entity called The Astute

18   Partners, the defendant did any one or more of the following:

19         Employ a device or scheme or artifice to defraud,

20   obtained money or property by means of untrue statements of

21   material facts or failure to state material facts, or engage in

22   a practice or course of business that operated or would operate

23   as a fraud or deceit upon the purchaser;

24         Second, that the defendant acted knowingly and

25   willfully with the intent to defraud;

EA3SGANP

1          Third, that the defendant used or caused to be used

2     mails or any means or instruments of transportation or

3     communication of interstate commerce in furtherance of the

4     scheme.

5          THE COURT:  Now, Ms. Ganguly, do you understand that

6     if you would go to trial, the government would have to prove

7     all of those elements beyond a reasonable doubt?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Now, I am going to describe for you the

10    maximum penalty for the crime to which you are going to be

11    pleading guilty.  Now, the maximum means that is the most that

12    could possibly be imposed.  It does not mean that is what you

13    will necessarily receive, but you have to understand that, by

14    pleading guilty, you are exposing yourself to the possibility

15    of receiving any combination of punishments up to the maximum

16    that I am about to describe to you.  Do you understand that?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  First, I am going to tell you about some

19    of the possible restrictions on your liberty.  The maximum term

20    of imprisonment for this crime is 20 years imprisonment, which

21    could be followed by three years of supervised release.

22    Supervised release means that you will be subject to the

23    supervision of the probation department upon your release from

24    prison.  There will be rules of supervised release that you

25    will have to follow, and if you violate those rules, you could

EA3SGANP

1    be returned to prison without a jury trial to serve additional

2    time with no credit for the time that you had served in prison

3    as a result of your sentence and no credit for time spent on

4    post-release supervision.  Do you understand that?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  Do you understand that there is no parole

7    in the federal system, and if I sentence you to prison, you

8    will not be released on early on parole?  There is a limited

9    opportunity to earn credit for good behavior, but you will have

10   to serve at least 85 percent of the time that you are sentenced

11   to.  Do you understand that?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  Now, in addition to the restrictions on

14   your liberty, there are also some maximum penalties with regard

15   to financial penalties.  The maximum allowable fine is

16   $5 million.  Do you understand that?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  In addition, I can order restitution to

19   any person or entity that was injured as a result of your

20   criminal conduct.  I understand that pursuant to your plea

21   agreement, which I will discuss with you in more detail in a

22   moment, you have agreed to make restitution in an amount that I

23   order; is that correct?

24           THE DEFENDANT:  Yes.  Yes, your Honor.

25           THE COURT:  I can also order you to forfeit all

EA3SGANP

property derived from the offense or used to facilitate the offense.  I also know, as part of your plea agreement, that you agree to admit to the forfeiture allegation as it relates to Count One, and agree to forfeit to the government a sum of U.S. currency, as I understand it, some specific items of property, representing the amount of proceeds obtained as a result of the offense, which is in Count One, is that correct?

THE DEFENDANT:  Yes.  Yes, your Honor.

THE COURT:  Now, finally, with regard to financial penalties, there is a special assessment of $100.  That is mandatory and it will have to be paid at the time of your sentence.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, do you understand all of the maximum penalties that I have just described to you?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Ms. Ganguly, are you a United States citizen?

THE DEFENDANT:  Yes, sir, your Honor.

THE COURT:  Do you understand that as a result of your plea, you may lose certain valuable civil rights, to the extent that you have them, or could otherwise obtain them, such as the right to vote, right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.  Do you understand that?

EA3SGANP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Are you serving any current sentence for

3    any violations?

4          THE DEFENDANT:  No, your Honor.

5          THE COURT:  Do you understand that if anyone, if your

6    lawyer or anyone else has attempted to predict for you what

7    your sentence will be, that their prediction could be wrong?

8          THE DEFENDANT:  Yes.  Yes, your Honor.

9          THE COURT:  No one, not your lawyer, not the

10   government's lawyer, no one can give you any assurance of what

11   your sentence will be, because I am going to decide your

12   sentence, and I am not going to do that right now.  I am going

13   to wait until I receive the presentence report prepared by the

14   probation departments.  I will do my own calculation with

15   regard to the sentencing guidelines, consider it and any

16   possible departures from it, and also determine what a

17   reasonable sentence is based for you based upon the factors

18   contained in the statute found at 18 U.S.C. 3553(a).  I will

19   obviously also consider submissions by your lawyer and by the

20   government.  Do you understand that?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Have you discussed these issues with your

23   attorney?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Even if your sentence is different from

EA3SGANP

what your lawyer or anyone else has told you it might be, even

if it is different than what you expect or what is contained in

the plea agreement that I understand that you have signed with

the government, you will still be bound by your guilty plea and

will not be allowed to withdraw your plea.  Do you understand

that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, I have in front of me a plea

agreement between yourself, your lawyer, and the government.

If you will turn to the last page.  Ms. Ganguly, is this your

signature?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Did you sign that today in the presence of

your attorney?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Before you signed it, had you read it?

THE DEFENDANT:  Yes, your Honor, previously.

THE COURT:  In other words, you had read it, you had

gotten a copy and read it prior to coming to court?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Did you discuss it with your attorney

before you signed it?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Did you fully understand it before you

signed it?

EA3SGANP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  One of the features of your agreement with

3   the government is that you agree on the guideline range that

4   applies to this case; is that correct?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  That agreement is binding on you, it is

7   binding on the government, but it is not binding on me and it

8   is not binding on the probation department.  I have my own

9   obligation to determine the correct guideline range and what is

10   an appropriate sentence in your case.  I am not saying that I

11   will come up with any range that is different from the one you

12   agreed to with the government, but if I do, then I will not let

13   you withdraw your plea, even if the range that I come up with

14   is higher than the one that you have agreed to with the

15   government.  Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Now, do you understand, as I have read the

18   agreement, that you are giving up your right to seek a downward

19   departure from the guidelines that is calculated in this

20   agreement?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  In your plea agreement, you have waived

23   the right to appeal or otherwise challenge any sentence that is

24   within the range of 41 to 51 months or below.  Do you

25   understand that?

EA3SGANP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Does this written plea agreement, and it

3     is dated September 30, does this written plea agreement

4     constitute your complete and total understanding of the entire

5     agreement between yourself and the government?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Has anything been left out?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  Yes?

10          MR. QUIGLEY:  Your Honor, just for the record, it is

11     referenced in the agreement, a consent order of forfeiture.

12          THE COURT:  I will discuss that also, yes.

13          Ms. Ganguly, I understand that you have also agreed to

14     a consent to order of forfeiture.  It is a preliminary order of

15     forfeiture, is that correct.

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Now, besides the agreement and its

18     reference to the extent of preliminary order of forfeiture,

19     have there been any other promises made to you or offers to

20     induce you to plead guilty or to sign the agreement?

21          THE DEFENDANT:  No, your Honor.

22          THE COURT:  Has anyone threatened you or forced you to

23     plead guilty or to sign the plea agreement?

24          THE DEFENDANT:  No, your Honor.

25          THE COURT:  Has anyone made a promise to you as to

EA3SGANP

 1    what your sentence will be?

 2              THE DEFENDANT:  No, no, your Honor.

 3              THE COURT:  Now, I am going to let you tell me in your

 4    own words what makes you believe that you are guilty of the

 5    charge in the indictment.

 6              THE DEFENDANT:  Well, your Honor, I just would like to

 7    say that I am very sorry for all of my actions, and I was

 8    working for a company that was called The Astute Partners, and

 9    Astute Partners would solicit investors and provide them with

10    investment opportunities.  The investors with whom I had

11    contact that decided to participate in the program, they would

12    provide me with their initial investment.  When I received the

13    required initial investment amount from some of the individual

14    investors, I didn't invest all according to the plan, but

15    rather appropriated some of the funds for my personal use.  And

16    I used those funds for home and repairs and debts and to buy

17    jewelry.  And for that, I am very, very sorry, and I am guilty.

18              THE COURT:  Now, in connection with that offense,

19    Ms. Ganguly, did you have communications through e-mail with

20    some of the victims of the crime?

21              THE DEFENDANT:  Yes, your Honor.

22              THE COURT:  In connection with that crime, were there

23    banks or bank accounts that were located in Manhattan that were

24    utilized?

25              THE DEFENDANT:  Yes.

EA3SGANP

1          THE COURT:  Did your activities, did they occur in or

2   about April 2012 and May of 2012?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  When you did the things that you just

5   described, did you know that what you were doing was wrong and

6   illegal?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Mr. Tormey, do you know of any valid

9   defense that would prevail at trial or do you know of any

10  reason why your client should not be permitted to plead guilty?

11         MR. TORMEY:  No, your Honor.

12         THE COURT:  Mr. Quigley, are there any additional

13  questions that you believe I should ask?

14         MR. QUIGLEY:  No, your Honor.

15         THE COURT:  If you could take a moment, Mr. Quigley,

16  and just summarize for the court and for Ms. Ganguly the

17  evidence that the government would have presented at trial

18  against her.

19         MR. QUIGLEY:  Yes, your Honor.

20         Among other things, there would be documentary

21  evidence consisting of e-mails, investment contracts, that were

22  sent to these investor victims; bank records showing the

23  movement of funds from the investor victims into accounts

24  controlled by Ms. Ganguly; and there would also be testimony

25  evidence consistent of, again, among other things, testimony

EA3SGANP

1    from at least some of the investors that were solicited to

2    invest in this project.

3          THE COURT:  Now, Ms. Ganguly, did you hear what

4    Mr. Quigley just said?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Did you, in fact, do those things?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Now, do both counsel agree that there is a

9    sufficient factual predicate for a guilty plea?

10         MR. QUIGLEY:  Yes, your Honor.

11         THE COURT:  Mr. Tormey?

12         MR. TORMEY:  Yes, your Honor.

13         THE COURT:  Do either counsel know of any reason I

14    should not accept Ms. Ganguly's plea?

15         MR. QUIGLEY:  No, your Honor.

16         MR. TORMEY:  No, your Honor.

17         THE COURT:  Ms. Ganguly, because you acknowledge that

18    you are, in fact, guilty as charged in the indictment, and that

19    is Count One of the indictment, because I am satisfied that you

20    know your rights, including your right to go to trial and that

21    you are aware of the consequences of your plea, including the

22    sentence which may be imposed, and because I find that you are

23    knowingly and voluntarily pleading guilty, I accept your guilty

24    plea and I will enter a judgment of guilt to Count One of the

25    indictment.

EA3SGANP

<br>

1          Now, the probation department will want to interview

2     you in connection with the presentence report that it will

3     prepare.  Mr. Tormey, do you want to be present with your

4     client when that interview occurs?

5          MR. TORMEY:  Yes, your Honor.

6          THE COURT:  I would order that your counsel will be

7     present with you when the interview occurs.  Now, if you choose

8     to speak to the probation department, which you can discuss

9     with your counsel, you should make sure that anything you say

10    to them is the absolute truth.  I will read the report

11    extremely careful, and it is important to me in deciding your

12    sentence, what that report says.  You and your counsel have a

13    right to examine the report and to make comments on the report

14    at the time of sentencing.  In fact, in advance of sentencing,

15    you will get a copy of the report, take time to read it, read

16    it with your counsel, if there are any mistakes in there, point

17    them out to your lawyer so that he can mention them to the

18    probation department, and if they're still in the report and

19    you believe that they're errors, mention it to me in advance of

20    your sentencing.  Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Now, I am going to set sentencing for

23    January 16, 2015, at 10:00 a.m.  Does that work for both

24    counsel?

25          MR. QUIGLEY:  Yes, your Honor.

EA3SGANP

1          MR. TORMEY:  It does, your Honor.

2          THE COURT:  I will direct Mr. Quigley, I would ask

3     that the government provide the probation officer with its

4     factual statement within two weeks from today.

5          MR. QUIGLEY:  Yes, your Honor.

6          THE COURT:  Similarly, Mr. Tormey, I would ask that

7     you arrange for the defendant to be interviewed within the next

8     two weeks.

9          MR. TORMEY:  Yes, your Honor.

10          THE COURT:  Now, I would just point counsel to my

11     individual rules with regard to my individual practices with

12     regard to criminal cases.  It is on the website and it will

13     give you instructions as to the process to file sentencing

14     submissions.  In accordance with those rules, I expect the

15     defense submission two weeks prior to the sentencing and the

16     government's submission one week prior to sentencing.

17          First of all, I will ask Mr. Quigley, do you have any

18     applications?

19          MR. QUIGLEY:  No, your Honor.

20          THE COURT:  Based upon the fact that Ms. Ganguly has

21     been on bail since her arrest without any reporting issue, I

22     find by clear and convincing evidence that Ms. Ganguly is not

23     likely to flee and that she does not pose a danger to the

24     safety of others or to the community so that she should remain

25     on bail on the conditions that are currently imposed.

EA3SGANP

1          Now, I am not sure if there is a consent preliminary

2     order or preliminary consent order or if a forfeiture order has

3     been prepared.  I don't know whether it was the parties'

4     intention to sign it now or just sometime before sentencing so

5     that I have it for sentencing.

6          MR. QUIGLEY:  I think before sentencing would be fine,

7     your Honor.

8          THE COURT:  Ms. Ganguly, you have agreed to sign the

9     order of forfeiture, but you should go over with your attorney

10    and make sure you understand it at the time of sentencing.

11    This will be signed and I will also sign it.

12         MR. QUIGLEY:  Your Honor, I think Ms. Ganguly and her

13    counsel have, in fact, signed it.  I was just saying I don't

14    think the court needs to order it until the time of sentencing.

15         THE COURT:  All right.  That is fine.

16         Is that correct, Ms. Ganguly, you have already signed

17    it?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Did you sign it today?

20         THE DEFENDANT:  Yes, your Honor.  I signed one copy

21    yesterday and then another today.

22         THE COURT:  I will also ask you at the time of

23    sentencing about that also.

24         Is there anything else that we need to deal with

25    today?

EA3SGANP

1          MR. QUIGLEY:  Not from the government, your Honor.

2          MR. TORMEY:  No, your Honor.

3          THE COURT:  Ms. Ganguly, I will see you in January.

4          THE DEFENDANT:  Thank you, your Honor.

5                                – – –