```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - v. -

ISHITA GANGULY,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTIES/MONEY JUDGMENT**

14 Cr. 123 (VSB)

WHEREAS, on or about February 20, 2014, ISHITA GANGULY (the "Defendant"), was charged in a three-count Indictment, 14 Cr. 123 (VSB) (the "Indictment"), with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); and money laundering, in violation of Title 18, United States Code, Section 1957 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment seeking, pursuant to Title 18, United States Code, Section 982(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two of the Indictment, including but not limited to, a sum of United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of the Indictment;

WHEREAS, the Indictment included a second forfeiture allegation as to Count Three of the Indictment seeking, pursuant to Title 18, United States Code, Section 982(a)(1), the

forfeiture of any property, real and personal, involved in the offense alleged in Count Three of the Indictment, and any property traceable to such property, including but not limited to, a sum in United States currency that in aggregate is property which was involved in the money laundering offense in Count Three of the Indictment or is traceable to such property;

WHEREAS, on or about March 10, 2014, the Government filed a Forfeiture Bill of Particulars providing notice that the property subject to forfeiture as a result of the offenses described in Counts One through Three of the Indictment, as alleged in the Forfeiture Allegations and/or the Substitute Assets Provision in the Indictment, includes but is not limited to the following:

    a. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known and described as Block 6475, Lot 150, Staten Island, New York, more particularly described as 151 Nicolosi Drive, Staten Island, New York 10312 ("151 Nicolosi Drive"); and

    b. All precious gemstones, precious metals, and jewelry purchased from Ross Simmons Jewelry, Short Hills Mall, Short Hills, New Jersey, on or about May 1, 2012, including a Ladies Rolex, Hallmarked Platinum 950, Model 179136, Serial No. Z406674 (the "Jewelry");

WHEREAS, on or about March 7, 2014, the Court entered a Post-Indictment Restraining Order, pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 246, restraining 151 Nicolosi Drive and the Jewelry;

WHEREAS, on or about May 22, 2014, the Government filed a Second Forfeiture Bill of Particulars providing notice that the property subject to forfeiture as a result of the offenses described in Counts One through Three of the Indictment, as alleged in the Forfeiture Allegations and/or the Substitute Assets Provision in the Indictment, includes but is not limited

to all monies and funds contained in JPMorgan Chase & Co. escrow account number 818002693, held in the name of Leonard Eli Bronner, Esq., up to and including $3,900,000.00 and all funds traceable thereto, including accrued interest (the "2693 Account");

WHEREAS, on or about May 23, 2014, the Court entered a Post-Indictment Restraining Order, pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 246, restraining the 2693 Account;

WHEREAS, on or about October 3, 2014, the Defendant pled guilty to Count One of the Indictment and admitted the forfeiture allegation with respect to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from the proceeds traceable to the commission of the offense charged in Count One of the Indictment, including, but not limited to, a sum in United States currency representing the amount of proceeds obtained as a result of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $7,000,000 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment and the Defendant further consents to the forfeiture of all of her right, title and interest in the following properties:

    a.    151 Nicolosi Drive

    b.    the Jewelry; and

    c.    the 2693 Account;

(collectively, the "Specific Properties");

WHEREAS, the Defendant agrees that the Specific Properties are forfeitable to the United States because the Specific Properties constitute or are derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), the Defendant consents to this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment becoming final as to her interests prior to sentencing;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Properties to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

WHEREAS, title to 151 Nicolosi Drive is held in the name of 151 Nicolosi LLC, an entity fully owned and controlled by the Defendant;

WHEREAS, the Government has agreed to allow the Defendant to market and sell 151 Nicolosi Drive pursuant to the terms and conditions set forth below;

IT IS HEREBY STIPULATED AND AGREED, by and between Preet Bharara, United States Attorney for the Southern District of New York, by and through Assistant United States Attorneys Brendan F. Quigley and Andrew C. Adams, and the Defendant, by and through her attorney, Thomas A. Tormey, Jr., Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $7,000,000 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. The Defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Properties and will not assist anyone else in doing so. Upon the entry of a Final Order of Forfeiture forfeiting the Specific Properties to the United States, the Specific Properties shall be applied towards the Money Judgment in partial satisfaction of the Money Judgment.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment is final as to the Defendant, ISHITA GANGULY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Department of Treasury" and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the Defendant's name and case number.

5. Upon execution of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and pursuant to Title 21, United States Code, Section 853, the United States Department of Treasury shall be authorized to deposit the payments on the

Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the Internal Revenue Service ("IRS") (or its designee) is authorized to seize the Specific Properties and hold the Specific Properties in its secure, custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment. Any person, other than the Defendant in this case, claiming an interest in any of the Specific Properties must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in any of the Specific Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in any of the Specific Properties and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Properties pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

11. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13. Defendant shall be allowed to market and sell 151 Nicolosi Drive from the date of entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment up to and including March 1, 2015 (the "Sale Period").

14. In the event that the Defendant is unable to sell 151 Nicolosi Drive during the Sale Period, the Government may, in its sole discretion, extend the Sale Period for the Defendant to sell 151 Nicolosi Drive (the "Extended Sale Period").

15. During the Sale Period or Extended Sale Period, the Defendant shall maintain 151 Nicolosi Drive at her expense in the same, or better, condition and repair as of the date of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment. The term "maintain" shall include, but not be limited to, keeping 151 Nicolosi Drive free of hazards and/or structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping 151 Nicolosi Drive clean and performing such necessary sanitation and waste removal; maintaining 151 Nicolosi Drive and grounds in good condition by providing snow removal, lawn mowing and all other ordinary and necessary routine maintenance. The Defendant shall maintain casualty and fire insurance equal to the full replacement cost of 151 Nicolosi Drive and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from use of the property, or activities or conditions thereon. The Defendant shall also timely pay any and all mortgage, home equity loan, rent, utilities, sewer, trash, maintenance, cable television, tax and/or other obligations, otherwise necessary and due on 151 Nicolosi Drive. Moreover, the Defendant shall abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements, and/or stipulations or conditions pertaining to the care, maintenance, control and use of 151 Nicolosi Drive. The Defendant shall not convey, transfer, sell, lease, or encumber in any way, title to 151 Nicolosi Drive, except as provided in this Order.

16. The Defendant shall not remove, destroy, alienate, transfer, detract from, remodel, or alter in any way, 151 Nicolosi Drive or any fixture, which is part of 151 Nicolosi Drive, ordinary wear excepted. The Defendant shall not use 151 Nicolosi Drive for any illegal purposes or permit the use of 151 Nicolosi Drive for such purposes; or use 151 Nicolosi Drive so that there poses a danger to the health or safety of the public or a danger to law enforcement.

17. The IRS (or its designee) shall have the right to enter and inspect 151 Nicolosi Drive during the Sale Period or Extended Sale Period, upon reasonable advance notice to counsel for the Defendant, to ensure compliance with this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment. The Defendant shall fully cooperate with any persons and entities designated by the IRS to inspect and examine 151 Nicolosi Drive.

18. The Government may, in its sole discretion, reject any offer to purchase 151 Nicolosi Drive should the Government: (i) determine that the offer is made by, on behalf of, or in aid of any person involved in or associated with the criminal activity alleged as the basis for forfeiture in this matter; and (ii) deem that the proposed sale and purchase does not constitute an arms-length transaction.

19. Upon the sale of 151 Nicolosi Drive, the net proceeds realized from the sale shall be provided to the Government by the Defendant within seven (7) days after the closing of 151 Nicolosi Drive.

20. The net proceeds from the sale of 151 Nicolosi Drive shall include all amounts received from the sale of 151 Nicolosi Drive after payment of outstanding taxes, valid prior liens, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county transfer fees, reasonable real estate attorney's fees, if any, associated with the sale of 151 Nicolosi Drive, and any and all expenses, if any, incurred by the IRS or its designees in connection with the custody, maintenance, and sale of 151 Nicolosi Drive (the "Net Proceeds").

21. The Net Proceeds shall be the substitute res for 151 Nicolosi Drive. The Net Proceeds shall be deposited in the IRS Suspense Account pending further Order from the Court.

22. The Government agrees that it will not seize or file a Final Order of Forfeiture with respect to 151 Nicolosi Drive during the Sale Period or Extended Sale Period.

23. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment.

24. This Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment constitutes the entire agreement between the parties on the matters contained herein, and no other statement, promise or agreement, either written or oral, made by either party or agents of either party, that is not contained in this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment shall not be enforceable. Any modifications of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment shall be in writing signed by the parties.

25. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment.

26. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment to Assistant United States Attorney Andrew C. Adams, One St. Andrew's Plaza, New York, New York 10007.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

27. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. The signature page may be transmitted by fax or by electronic file in PDF format, and such signatures shall be deemed equivalent to valid originals.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: *[signature]*   10/4/14
BRENDAN F. QUIGLEY     DATE
ANDREW C. ADAMS
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2190/2340

ISHITA GANGULY

By: *[signature]*    10/3/14
ISHITA GANGULY        DATE

By: *[signature]*    10-3-14
THOMAS A. TORMEY, JR., ESQ.  DATE
Attorney for Defendant
The Law Office of Thomas A. Tormey, Jr.
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 480-3910

SO ORDERED:

*[signature]*    2/17/15
HONORABLE VERNON S. BRODERICK     DATE
UNITED STATES DISTRICT JUDGE

11