UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

VERSUS

ISHITA GANGULY

14 Cr. 00123 (VSB)

PETITION FOR ANCILLARY HEARING

    Bob N. Robards ("Robards") petitions this Court for an ancillary hearing pursuant to Title 21 United States Code, Section 853(n) to recognize his legal interest in the monies and funds totaling $2,440,330.00 in the J.P. Morgan Chase & Company Escrow Account Number 818002693 ("2693 Account") held in the name of Leonard Eli Bronner, Esq. ("Bronner") which the United States seeks to forfeit in this case. Robards asserts that he is an innocent third party with respect to the 2693 Account having a legal right, title, and interest in the 2693 Account superior to any right, title, or interest of Ishita Ganguly ("Ganguly") or any other parties as follows:

1.    Robards is an individual domiciled in the State of Louisiana doing business as BNR Investments.

2.    On or about February 9, 2013, Robards was put into contact with Ganguly pursuant to investment opportunities.

3.    Ganguly represented herself to be a managing director of Astute Partners (BVI) Ltd. ("Astute BVI"), an entity based in the United Kingdom and registered in the British Virgin Islands.

4. Astute BVI was a related entity to Astute Partners Corp. ("Astute Partners"), an entity incorporated in the State of Florida.

5. Ganguly negotiated and solicited Robards to invest his funds in a Capital Contribution Contract wherein his funds would be protected as "blocked funds" but Astute Partners could utilize the blocked funds as a guarantee to raise capital to use for humanitarian, social, and economic development and projects and also provide for a dividend to Robards.

6. Ganguly perpetrated this scheme to defraud Robards of $6,420,000.00 by false representation of the funds being secured and returning extremely lucrative returns of up to 1000%.

7. On or about April 4, 2013, pursuant to the instructions of Ganguly [Exhibit A], Robards entered into a Bailment Agreement with William W. Mohr, Esq. ("Mohr") [Exhibit B] with the sole purpose of Mohr acting as a paymaster to pay the identifiable funds of $6,168,058.85 transferred to him as instructed by Robards.

8. Said instructions of delivery were given to Mohr on April 8, 2013 via email. The instructions were to deliver the funds of Robards to Astute Partners account number 664785590 HSBC Bank USA 9201 3rd Avenue, Brooklyn, New York 11209 ("5590 Account") [Exhibit C].

9. The Robards transfer of $6,168,058.85 to Mohr was completed April 8, 2013 [Exhibit D].

10. On April 10, 2013, Mohr delivered Robards' $6,168,058.85 to the specific Astute Partners Account as instructed. Said transfer was under BTF Sequence Number

01130410000795 [Exhibit E]. It is believed by Robards that the entire balance of the 5590 Account consisted of his transferred funds on that date.

11. Ganguly verified receipt of said funds via email on April 12, 2013. [Exhibit F].

12. Upon Ganguly's receipt of Robards funds and contrary to the representations that Ganguly made to Robards, the funds Ganguly received from Robards were never used in connection with any investment programs. Instead, Ganguly diverted those funds for her own financial benefit and not for the purposes she had told Robards. As a result of the actions of Robards by transferring his funds to Ganguly based on her fraudulent actions, Robards retained legal ownership of all funds under the legally recognized concept of constructive trust among other legal remedies and rights to ownership.

13. On April 12, 2013, the same day Ganguly received the $6,168,058.85 of Robards funds, Ganguly misappropriated at least $3,900,000.00 of Robards' proceeds causing those funds to be transferred from the Astute Partners bank account to a trust or escrow account of Bronner.

14. The escrow account of Bronner was an account that the attorney used to hold the transferor's money in trust, and by law and bailment said monies were not subject to comingling with any other funds held in trust by Bronner. Thereby retaining the identity of said funds for bailor/Ganguly.

15. The specific escrow account of Bronner was J.P. Morgan Chase & Company escrow account number 818002693, the account seized by the United States in this proceeding and identified as 2693 Account.

16. Despite disagreements between Bronner and Ganguly as to whether the proper authority given, $1,459,670.00 was transferred out of the 2693 Account. However, the $2,440,330.00 remaining in the escrow account set up for the benefit of Ganguly remained identifiable as funds transferred to her by the lawful owner, Robards, as a result of her fraudulent actions and misrepresentations.

17. On or about February 20, 2014, Ganguly was charged in a three count indictment, 14CR123 (VSB) ("Indictment") with Security Fraud in violation of Title 15 United States Code, Section 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count 1); Wire Fraud in violation of Title 18, United States Code, Sections 1343 and 2 (Count 2); and Money Laundering in violation of Title 18, United States Code, Section 1957 (Count 3).

18. The indictment included a forfeiture allegation as to Counts 1 and 2 of the indictment seeking, pursuant to Title 18, United States Code, Section 982(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal which constitutes as derived from proceeds traceable to the commission of offenses alleged in Counts 1 and 2 of the indictment including but not limited to a sum of United States Currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts 1 and 2 of the indictment.

19. On or about May 22, 2014, the government provided notice to Ganguly as alleged in forfeiture allegations and/or the substitute assets provision of the indictment to include but be limited to all monies and funds contained in the J.P. Morgan Chase & Company escrow account number 818002693, held in the name of Leonard Eli Bronner,

Esq., up to and including $3,900,000.00 and all funds traceable thereto including accrued interest (2693 Account).

20.     On October 3, 2014, the defendant pled guilty to Count 1 of the indictment and admitted the forfeiture allegations with respect to Count 1 of the indictment, pursuant to a plea agreement with the government wherein the defendant agreed to forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property real and personal which constitutes or is derived from the proceeds traceable to the commission of the offense charged in Count 1 of the indictment, including but not limited to a sum in United States Currency representing the amount of proceeds obtained as a result of the offense charged in Count 1 of the indictment.

21.     The defendant agreed that the specific properties are forfeitable to the United States because of specific properties constitute and are derived from proceeds traceable to the commission of the offense charged in Count 1 of the indictment. Said specific properties included the 2693 Account subject to this ancillary hearing.

22.     Pursuant to Title 21, United States Code, Section 853(n)(6), Robards has the legal right, title, or interest in the property and monies located in 2693 Account and such right, title, and interest renders the Order of Forfeiture invalid in whole or in part because of the right, title, or interest was vested in Robards rather than Ganguly and Robards right, title, and interest was superior to any right, title, or interest of Ganguly at the time of the commission of the acts which gave rise to the forfeiture of this property.

23.     Robards further shows by a preponderance of the evidence that he has not only the legal right, title, and title to the 2693 Account but that said property has

remained completely traceable as the property of Robards through the transfer to the various trust and other accounts.

WHEREFORE, for the reasons set forth herein, Robards seeks relief from this Court's Preliminary Order of Forfeiture and hereby requests that this Court hold a hearing ancillary to the criminal conviction of Ganguly at which time Robards may testify and present evidence and witnesses on his own behalf pursuant to Title 21, United States Code, Section 853(n)(5), and further that this Court fully recognize in the Final Order of Forfeiture the interest of Robards as is set forth herein, and order that the forfeited 2693 Account be disbursed to Robards.

Respectfully submitted this 23rd day of March, 2015.

DAMICO & STOCKSTILL
ATTORNEYS AT LAW

_/s/ Thomas C. Damico_
By: Thomas C. Damico, LSBA #04480
8048 One Calais Avenue, Suite A
Baton Rouge, LA  70809
Telephone: (225) 769-0190
Facsimile: (225) 769-0195
tommy@thomasdamico.com

_/s/ Bob N. Robards_
Bob N. Robards
10073 Jefferson Highway
Baton Rouge, LA  70809

## OATH

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

I declare under penalty of perjury that the foregoing Petition for Ancillary Hearing is true and correct.

_____
BOB N. ROBARDS


BEFORE ME, the undersigned, Notary Public personally came and appeared:

**BOB N. ROBARDS**

Personally known and proved to me on the basis of satisfactory evidence to be the individual whose name is described to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument the individual executed the instrument and that such individual made such appearance before the undersigned in the Parish of East Baton Rouge, State of Louisiana.

SWORN TO AND SUBSCRIBED this 23rd day of March, 2015 at Baton Rouge, Louisiana.

_____
BRENT M. STOCKSTILL LSBA #19804
Notary Public

Brent M. Stockstill
Notary Public
8048 One Calais Avenue, Suite A
Baton Rouge, LA  70809
LSBA # 19804
Commission expires at death

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2015, I electronically filed the foregoing Petition for Ancillary Hearing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Andrew C. Adams, and Brandon F. Quigley, Assistant United States Attorneys, and Thomas A. Tormey, Jr., Esq., attorney for defendant Ishita Ganguly.

_____
THOMAS C. DAMICO