UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA
:
    - v. -                                  14 Cr. 123 (VSB)
:
ISHITA GANGULY,                           **ECF Case**
:
       Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
BOB N. ROBARDS,
:
       Petitioner.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS THE PETITION OF BOB N. ROBARDS</u>**


                                             PREET BHARARA
                                             United States Attorney for the
                                             Southern District of New York
                                             Attorney for the United States of America


Andrew C. Adams
Assistant United States Attorney
      - Of Counsel -

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

BACKGROUND ..................................................................................................................................1

    A.    Procedural History .................................................................................................................1

    B.    Restoration ..............................................................................................................................2

DISCUSSION .......................................................................................................................................3

    I.    Robards Lacks Standing .........................................................................................................3

    A.    Applicable Law ......................................................................................................................3

        1.    Standing Under 21 U.S.C. § 853(n)(2) .............................................................................3

        2.    Constructive Trusts ...........................................................................................................7

    B.    Robards Alleges No Ownership Interest in the Account is Not Entitled
to the Imposition of a Constructive Trust ..............................................................................8

CONCLUSION ...................................................................................................................................12

# **TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Ades & Berg Group Investors v. Breeden (In re Ades and Berg Group Investors)*,
    550 F.3d 240 (2d Cir. 2008) ...........................................................................................7, 8

*Counihan v. Allstate Ins. Co.*, 194 F.3d 357 (2d Cir. 1999) .......................................................7, 8

*DSI Assocs. LLC v. United States*, 496 F.3d 175 (2d Cir. 2007) ................................................4, 5

*In re Koreag, Controle et Revision S.A.*, 961 F.2d 341 (2d Cir. 1992) ..........................................7

*Pacheco v. Serendensky*, 393 F.3d 348 (2d Cir. 2004) ..................................................................6

*Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*,
    377 F.3d 209 (2d Cir. 2004) ...........................................................................................7, 8

*United States v. $79,000 at Bank of New York*, No. 96 Civ. 3493 (MBM),
    1996 WL 648934 (S.D.N.Y. Nov. 7, 1996) .......................................................................11

*United States v. Agnello*, 344 F. Supp. 2d 360 (E.D.N.Y. 2004) ..................................................5

*United States v. BCCI Holdings (Luxembourg) S.A.*,
    69 F. Supp. 2d 36 (D.D.C. 1999) .................................................................................5, 10

*United States v. Dreier*, No. 09 Cr. 85 (JSR), Dkt. No. 145 (S.D.N.Y. Mar. 24, 2010) ...............9

*United States v. Hooper*, 229 F.3d 818 (9th Cir. 2000) ................................................................6

*United States v. McCorkle*, 143 F. Supp. 2d 1311 (M.D. Fla. 2000) ............................................5

*United States v. Ribadeneira*, 105 F.3d 833 (2d Cir. 1997) ...............................................4, 5, 11

*United States v. Ramunno*, No. 07 Cr. 61 (TWT),
    2009 WL 363910 (N.D. Ga. Jan. 13, 2009) ........................................................................5

*United States v. Schwimmer*, 968 F.2d 1570 (2d Cir. 1992) ........................................................5

**STATE CASES**

*Sharp v. Kosmalski*, 40 N.Y.2d 119 (1976) ..................................................................................7

*Simonds v. Simonds*, 45 N.Y.2d 233 (1978) ..............................................................................7, 8

**STATUTES AND RULES**

18 U.S.C. § 982 ................................................................................................................................3

18 U.S.C. § 1963 .........................................................................................................................5, 10

21 U.S.C. § 853 ..................................................................................................................... *passim*

28 U.S.C. § 2461 ..............................................................................................................................3

Fed. R. Crim. P. 32.2 ....................................................................................................................6, 7

The Government respectfully submits this memorandum of law in support of its motion to dismiss the forfeiture petition (the "Petition") filed by Bob N. Robards. Robards, one of several victims of Ishita Ganguly's wide-ranging fraud, seeks to step ahead of other victims by asking that the Court return to him the proceeds of Ganguly's fraud that were found and seized from a J.P. Morgan Chase & Co. escrow account ending in -2693 (the "Account"). Because the restrained funds from the Account are the undisputed proceeds of Ganguly's fraud, title to those funds vested in the Government at the time of Ganguly's crime, and those funds are forfeitable pursuant to Section 981(a)(1)(C) of Title 18, United States Code. Robards, as a general creditor of Ganguly, has no standing to contest that forfeiture. Nor may Robards seek to recover the funds sought in the Petition through the equitable remedy of the imposition of a constructive trust. Because Robards does not allege the necessary "legal interest in property" that is required to assert a claim under 21 U.S.C. § 853(n)(2), the Government moves to dismiss the Petition pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A) for lack of standing.

## BACKGROUND

### A.    Procedural History

On February 20, 2014, a grand jury in the Southern District of New York indicted Ishita Ganguly, the defendant, of securities fraud, in violation of Title 15, United States Code, Section 78j(b) & 78ff (Count One); wire fraud, in violation of Title 18, United States Code, Section 1343 (Count Two); and money laundering, in violation of Title 18, United States Code, Section 1957. *See United States* v. *Ishita Ganguly*, 14 Cr. 123 (VSB) (the "Indictment"). The Indictment alleged, among other things, that Ganguly solicited various investors to send her millions of dollars on the basis of false representations that their investments would be used to purchase certain types of securities that would generate a guaranteed rate of return of 1000%. Ganguly

then diverted those funds for her own financial benefit and not for the purposes she had told investors.

On May 23, 2015, the Court entered a post-Indictment restraining order with respect to certain funds alleged to have been obtained through Ganguly's fraud. Specifically, the Order restrained Ganguly and others from dissipating up to $3,900,000 held in the Account. On October 3, 2014, the Ganguly pled guilty, pursuant to a plea agreement, to Count One of the Indictment. The plea agreement and accompanying consent preliminary order of forfeiture (the "Preliminary Order") provided for the forfeiture of the funds restrained in the Account. Pursuant to the Preliminary Order, the funds in the Account will be applied in partial satisfaction of a forfeiture money judgment in the amount of $7,000,000, representing proceeds obtained from various victims – including Robards – through Ganguly's fraudulent conduct. Further, at the time of Ganguly's sentencing, on February 20, 2015, the Court entered a Restitution Order, providing for the payment of $9,404,537.35 to the several victims of Ganguly's fraud identified on a sealed schedule attached to the Restitution Order.

On March 23, 2015, Robards submitted the Petition, requesting that the Preliminary Order by modified to reflect his alleged superior interest in the funds found in the Account. Specifically, Robards claims that monies obtained from him by Ganguly are traceable to the funds found in the Account and that, therefore, he has an interest in those funds superior to any interest of the Government.

**B.** **Restoration**

Section 853(i) of Title 21, United States Code, authorizes the Attorney General to transfer forfeited property to victims of crime. *See* 21 U.S.C. § 853(i)(1). In November 2002, the Attorney General issued a policy directive on restoration, Forfeiture Policy Directive 02-1,

which delegates to the Chief of the Asset Forfeiture & Money Laundering Section ("AFMLS") of the Department of Justice ("DOJ") the authority to apply forfeited property directly to a restitution order.

In this case, the United States Attorney's Office for the Southern District of New York intends to request that the Attorney General invoke her restoration authority and apply any property that is forfeited in this case to the Court's restitution order, on a *pro rata* basis according to each victim's loss.

## DISCUSSION

### I. Robards Lacks Standing

### A. Applicable Law

#### 1. Standing Under 21 U.S.C. § 853(n)(2)

Section 853(n) of Title 21, United States Code, sets forth the procedures by which third parties may assert an interest in forfeited property after a preliminary order of forfeiture has been entered. In order to contest the forfeiture, petitioners must first establish that they have a "legal interest in" the property, as required by § 853(n)(2). This subsection states, in part:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of this alleged interest in the property.

21 U.S.C. § 853(n)(2).[1]

---

[1] The forfeiture procedures in 21 U.S.C. § 853 apply to this case. *See* 28 U.S.C. § 2461 ("The procedures [in 21 U.S.C. § 853] apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section [relating to burdens of proof and presumptions] applies only in cases in which the defendant is convicted of a violation of such Act."); 18 U.S.C. § 982(b)(1) ("The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of [21 U.S.C. § 853] (other than subsection (d) of that section) . . .").

3

For standing to challenge a forfeiture order, a petitioner must allege a legal interest in the property that satisfies one of the two alternative bases for recovery described in § 853(n)(6). This subsection states:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6). If a petitioner establishes by a preponderance of the evidence that it has a legal interest in the property superior to that of the Government (who stands in the defendant's shoes for the purposes of the ancillary proceeding), the court may amend the order of forfeiture accordingly. *See* 21 U.S.C. § 853(n)(6); *United States v. Ribadeneira*, 105 F.3d 833, 834-35 (2d Cir. 2007).

It is well-established that general creditors of a defendant do not have standing to contest a preliminary order of forfeiture under 21 U.S.C. § 853(n)(2). *E.g.*, *DSI Assocs. LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007); *Ribadeneira*, 105 F.3d at 837. This is because § 853(n) requires petitioners to show that they have an interest in the *res*, that is, the actual property that

4

was forfeited, and general creditors do not have such an interest. *E.g.*, *DSI Assocs. LLC*, 496 F.3d at 184 ("Without possessing such an interest 'in' a 'particular, specific asset' that is, or is part of, the forfeited property, [the petitioner] does not meet the statutory requirements for initiating an ancillary proceeding under section 853(n)."); *Ribadeneira*, 105 F.3d at 836 (person holding check drawn on defendant's forfeited bank account is a general unsecured creditor with no interest in specific funds); *see also United States v. Schwimmer*, 968 F.2d 1570, 1580-81 (2d Cir. 1992) (general creditors lack standing under 18 U.S.C. § 1963(l)(6)); *United States v. Agnello*, 344 F. Supp. 2d 360, 364 (E.D.N.Y. 2004) (a party's interest in property must be an interest in a particular, specific asset that has been ordered forfeited to the Government); *United States v. McCorkle*, 143 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000) ("A general creditor has no 'vested' or 'superior' interest in particular assets forfeited unless he not only has secured a judgment against the debtor, but also has perfected a lien against the particular item.").

Thus, the mere fact that a petitioner can trace his or her funds to the defendant's property is insufficient to create a legal interest in the property. *E.g.*, *DSI Assocs. LLC*, 496 F.3d at 184 (because claimant did not retain a secured interest in the property that it sold to the defendant, it lacked standing to contest the forfeiture of that property in the ancillary proceeding); *United States v. Ramunno*, No. 07 Cr. 61 (TWT), 2009 WL 363910, at *1-2 (N.D. Ga. Jan. 13, 2009) (defendant's last victim has no greater interest in the defendant's forfeited property than any other unsecured creditor); *United States v. BCCI Holdings (Luxembourg) S.A.*, 69 F. Supp. 2d 36, 59 (D.D.C. 1999) ("Persons who have, as a matter of state law, voluntarily transferred their property interest to the defendant are no longer the owners of that property, and are in no greater position to assert a claim to that property under § 1963(1)(2) than are other creditors and victims who cannot trace their former property into the defendant's account."); *id.* ("A fraud victim who

5

voluntarily transferred property to the defendant has a cause of action in tort against the defendant but has no greater interest in the forfeited property than does any other general creditor. Title to the funds in question no longer belongs to the victim; it belongs to the defendant.").[2]

Where forfeitable property represents the proceeds of a fraud, the Government's interest in that property vests at the time of the commission of the crime, precluding claims such as that filed by Robards under the rubric of the forfeiture statute. *See* 18 U.S.C. § 853(c) ("All right, title, and interest in property described in subsection (a) of this section [*i.e.*, crime proceeds] vests in the United States upon the commission of the act giving rise to forfeiture under this section."); *see also United States* v. *Hooper*, 229 F.3d 818, 822 (9th Cir. 2000) ("It is true, as the government points out, that this interpretation of § 853(n)(6)(A) leads inevitably to the conclusion that § 853(n)(6)(A) is likely never to apply to proceeds of the crime. . . . Proceeds of crime . . . do not precede the crime.").

Federal Rule of Criminal Procedure 32.2(c)(1) authorizes the Government to move to dismiss a petition for lack of standing, before the parties are permitted to conduct discovery on the petition. This subdivision states, in part:

> (A) In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.
>
> (B) After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may

---

[2] Robards alleges in the Petition that monies obtained from him by Ganguly were transferred into the Account, which does not belong to Robards. In considering the Petition and this motion to dismiss the Petition, the Court applies the same pleading standards governing motions to dismiss civil complaints. *Pacheco* v. *Serendensky*, 393 F. 3d 348, 352 (2d Cir. 2004); *see also* Fed. R. Crim. P. 32.2(c)(1)(A) ("the facts set forth in the petition are assumed to be true [for purposes of ruling on a motion to dismiss a petition").

6

> permit the parties to conduct discovery in accordance with the
> Federal Rules of Civil Procedure if the court determines that
> discovery is necessary or desirable to resolve factual issues. . . .

Fed. R. Crim. P. 32.2(c)(1)(A) and (B).

### 2. **Constructive Trusts**

Although Robards does not expressly invoke the concept of a constructive trust in his Petition, in light of the lack of an alleged legal interest in the funds held in the Account, Robards' Petition implicitly invites the Court to impose the equitable remedy of a constructive trust with respect to those funds. A constructive trust is an equitable remedy that a court may impose "[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest," and "equity [thereby] converts him into a trustee." *Simonds v. Simonds*, 45 N.Y.2d 233, 241 (1978) (internal citation and quotation marks omitted). Generally speaking, the four elements required for the formation of a constructive under New York law are: "(1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer made in reliance on that promise; and (4) unjust enrichment." *Ades & Berg Group Investors v. Breeden (In re Ades and Berg Group Investors)*, 550 F.3d 240, 245 (2d Cir. 2008) (per curiam) (citing *Sharp v. Kosmalski*, 40 N.Y.2d 119, 121 (1976)); *accord, e.g.*, *Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 209, 212 (2d Cir. 2004).

The Second Circuit has observed that "although these factors provide important guideposts, the constructive trust doctrine is equitable in nature and should not be 'rigidly limited.'" *Counihan v. Allstate Ins. Co.*, 194 F.3d 357, 362 (2d Cir. 1999) (quoting *In re Koreag, Controle et Revision S.A.*, 961 F.2d 341, 352 (2d Cir. 1992)). Nevertheless, "[w]hat the New York courts do insist upon is a showing that property is held under circumstances that render unconscionable and inequitable the continued holding of the property and that the remedy is

7

essential to prevent unjust enrichment." *Id.*; *accord, e.g.*, *In re Ades and Berg Group Investors*, 550 F.3d at 245 ("'[E]quity and good conscience' are 'the fundamental requirement[s] for imposition of a constructive trust.'"). For this reason, the Second Circuit has described the "[t]he fourth element, [unjust enrichment], [as] the most important since 'the purpose of the constructive trust is prevention of unjust enrichment.'" *In re First Cent. Fin. Corp.*, 377 F.3d at 212 (quoting *Simonds*, 45 N.Y.2d at 242).

"Unjust enrichment results when a person retains a benefit which, under the circumstances of the transfer and considering the relationship of the parties, it would be inequitable to retain." *Counihan*, 194 F.3d at 361. "Whether a party is unjustly enriched is a legal conclusion reached through the application of principles of equity . . . . Equity is the essential component with which a court must concern itself." *Id.* (internal citations and quotation marks omitted).

**B.     Robards Alleges No Ownership Interest in the Account is Not Entitled to the Imposition of a Constructive Trust**

Robards alleges that funds that he provided to Ganguly as the result of her fraud were transferred by Ganguly into the Account. Pet. 13-16. Robards does not allege that he owns the Account, or that the Account is an escrow account established for his benefit. *Id*. at 14, 16. Rather, Robards asserts a claim of ownership over the funds in the Account on the basis of his ownership – prior to becoming the victim of Ganguly's fraud – over funds stolen by Ganguly. As alleged, Robards, like Ganguly's other victims, is a general creditor of Ganguly without an alleged or identifiable ownership interest in the Account.

Robards does not allege that he is a *bona fide* purchaser for value of the funds found in the Account. *See* § 853(n)(6)(B). Thus, any standing must rest on an allegation that he has a "legal right, title, or interest in the property, *and* such right, title, or interest renders the order of

8

forfeiture invalid in whole or in part *because* the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section." § 853(n)(6)(A). As of the entry of the preliminary order of forfeiture, § 853(c) provides that the Government's interest had vested as of the time of Ganguly's crime. Robards does not, and cannot, allege an interest that was vested in him, rather than in the Government, at the time of the Preliminary Order's entry. Without a specific interest in the Account's funds, moreover, Robards is in the position of a general unsecured creditor, even assuming the truth of the allegations regarding the tracing of Robards' money into the Account. For each of these reasons, Robards is without standing to contest the Preliminary Order under § 853(n); his claim is properly directed to the Attorney General as a request for *pro rata* distribution concurrent with other victims to this case.[3]

Although Robards does not expressly request the imposition of a constructive trust, claims for that equitable remedy are frequently invoked in situations in which a victim seeks to modify a preliminary order of forfeiture to recoup fraud proceeds. *See, e.g.*, *United States* v. *Dreier*, No. 09 Cr. 85 (JSR), Dkt. No. 145 (S.D.N.Y. Mar. 24, 2010) (addressing a claim for the imposition of a constructive trust with respect to fraud proceeds; denying the imposition of that remedy; and dismissing the claimant's petition). Equity does not permit the imposition of a constructive trust in this circumstance. Generally speaking, imposing a constructive trust in a

---

[3] As alleged, the amount of funds in the Account is less than the amount that Robards provided to Ganguly in the course of Ganguly's fraud. In the event that Robards were to succeed in obtaining 100% of the funds in the Account, contrary to the statutes principles set forth above, he would therefore be in the position of returning to funds obtained from other forfeited properties, seeking a *pro rata* share of funds traceable to the funds of other defendants. The inequity of such a situation is plain, and is squarely addressed by the statutory scheme enacted in § 853, which provides relief to victims as a class through the DOJ's restoration policy and without disadvantaging particular victims on the basis of the fortuity of when they were victimized or how and when Ganguly spent their money.

fraud case such as this causes a detriment to other victims of the same offense who either do not qualify for a constructive trust because they cannot trace their funds to a specific asset purchase, or because they have chosen to await the fair distribution of a forfeited property through the restoration process rather than incur litigation costs.  Creating a constructive trust in a fraud case such as this would have the negative effect of turning the forfeiture proceedings into a liquidation proceeding, rather than leaving that task to the Attorney General's remission and restoration processes, in contravention of the statutory scheme that Congress established for the equitable distribution of property to victims.  For this reason, the Court of Appeals for the District of Columbia rejected the creation of a constructive trust to benefit general creditors in *BCCI Holdings (Lux.), S.A.*, stating:

> [A] general creditor can never have an interest in specific forfeited property, no matter what the relative size of his claim vis-a-vis the value of the defendant's post-forfeiture estate.  Were it otherwise, the court litigating the forfeiture issue would be converted into a bankruptcy court and would not be able to grant forfeiture to the government until it determined that no general creditor would be unable to satisfy its claim against the defendant. That result appears patently at odds with the statutory scheme, which directs parties without an interest in specific property to seek relief from the Attorney General, not the court adjudging the forfeiture.  The Attorney General has authority to dispense confiscated funds "to protect the rights of innocent persons," 18 U.S.C. § 1963(g)(1), and general creditors seem precisely the type of innocent persons Congress had in mind.

*BCCI Holdings (Lux.), S.A.*, 46 F.3d at 1191-92.

Robards is also not entitled to a constructive trust because granting this remedy will not prevent unjust enrichment.  As noted above, Ganguly's interest in the funds held in the Account has already been forfeited to the United States, and thus, creating a constructive trust in favor of Robards will not deprive Ganguly of that property.  Instead, creating a constructive trust for the

10

benefit of Robards will deprive Ganguly's other victims, who are expecting a fair distribution of the forfeitable properties through the DOJ restoration process.

The Court cannot create a constructive trust in favor of Robards for another reason as well. Under New York law, a constructive trust is an equitable remedy that will not be imposed if there is an adequate remedy at law. *E.g.*, *Ribadeneira*, 105 F.3d at 837 n.5; *United States v. $79,000 at Bank of New York*, No. 96 Civ. 3493 (MBM), 1996 WL 648934, at *6 (S.D.N.Y. Nov. 7, 1996). First, the DOJ restoration process provides an adequate legal remedy at law. *See, e.g.*, *Ribadeneira*, 105 F.3d at 837 n.5 (district court correctly declined to establish constructive trust in part because "because § 853(i) provides a legal remedy which obviates the need for application of an equitable remedy."); *$79,000 at Bank of New York*, 1996 WL 648934, at *6 (constructive trust cannot be imposed where claimants have the administrative remedy of filing a petition for remission or mitigation). Second and apart from the remission and restoration processes, Robards may have at least two other remedies at law: civil actions for fraud and/or breach of a contract. *See, e.g., $79,000 at Bank of New York*, 1996 WL 648934, at *6 (where claimants deposited money into a third party's bank account, in reliance upon a company's promise to wire-transfer the money, a constructive trust could not be imposed because the claimants could maintain a breach of contract action against the company and therefore had an adequate remedy at law). According to the Petition, Ganguly is plainly a potential defendant to civil fraud, contract, and/or tort claims by Robards and others.

**CONCLUSION**

For the foregoing reasons, Robards lacks standing to contest the Preliminary Order, and the Petition should therefore be dismissed in its entirety.

Dated: April 29, 2015
      New York, New York

                               Respectfully submitted,

                               PREET BHARARA
                               United States Attorney for the
                               Southern District of New York
                               Attorney for the Plaintiff
                               United States of America

By: _____/s/_____
       Andrew C. Adams
       Assistant United States Attorney
       Telephone: (212) 637-2340