UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA

                                                14 Cr. 00123 (VSB)

**VERSUS**

**ISHITA GANGULY, Defendant**
**BOB N. ROBARDS, Petitioner**

<u>**RESPONSE TO GOVERNMENT'S MOTION TO DISMISS PETITION**</u>

    Bob N. Robards respectfully submits this response to the Government's Motion to Dismiss the Forfeiture Petition currently pending before this Honorable Court. The Government's classification of Mr. Robards as a general creditor of Ganguly is in error. Mr. Robards is in fact a depositor of funds with Ganguly, and as such has standing to contest the forfeiture of the funds over which he maintained an ownership interest despite Ganguly's criminal machinations. Mr. Robards believes that he can prove a "legal interest in property" as required by 21 U.S.C § 853(n)(2) if the court would permit him a period of discovery during which he would be permitted access to the banking records of Ganguly and (whatever the other bank accounts are). Mr. Robards believes these records will show that the monies in the account are directly traceable to the bailment agreement between Mr. Robards and Ganguly. Furthermore, Mr. Robards believes the financial records will demonstrate that the funds he submitted were never co-mingled with the funds of other victims, and are thus distinguishable from the funds of other claimants.

<u>**DISCUSSION**</u>

    The Government's argument that Mr. Robards has failed to establish a "legal interest in" the funds as required by Title 21, Section 853(n) of the United States Code is premature. Bob

Robards' argument is one of fact as much as law, and cannot be settled without review of the transaction records of the accounts at issue in the transfer of Mr. Robards funds to their final location in Ganguly's account. The bank account records will either prove or disprove Mr. Robards' contention that the funds transferred per the bailment agreement were never co-mingled with the funds of other victims, nor were they put to the use intended by the bailment agreement. These facts will concretely establish that Bob Robards maintained legal right and title to the funds as required by 21 U.S.C. § 853(n)(6).

Moreover, the Government's argument that Mr. Robards does not have standing to contest the forfeiture is misapplied. The Government reaches this conclusion by assigning Bob Robards the role of a general creditor of Ishita Ganguly. In truth Mr. Robards is actually a bailor with respect to the monies. The money was transferred as part of a bailment for profit agreement. As the funds were transferred pursuant to a mutual bailment agreement, the delivery of the funds was made for a proper purpose, and the funds never reached the destination intended by the bailment agreement, Mr. Robards never relinquished legal title in the monies and maintains standing to object to the forfeiture.

Federal Rule of Criminal Procedure 32.2(c)(1)(B) states that "…before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues…" In the instant case, the aforementioned existing factual issues are so compelling that the interest of serving justice requires a period of discovery to enable Mr. Robards access to the documents that can prove his claim. The Government has not asserted that the funds were ever co-mingled with those of other victims of the fraud perpetuated by Ganguly.

The Government repeatedly asserts, through a multitude of legal citations, that constructive trusts are a matter of equity and good conscience and are necessary to prevent unjust enrichment. Petitioner agrees with this assertion. In the instant situation, it would be inequitable and unjust to allow to deprive Mr. Robards of access to funds that clearly originate with him and him alone. The banking records at issue in the criminal case will establish that Mr. Robards has an identifiable ownership interest in the funds in the account, as he is the only contributor to said funds. As no other monies were present in the account, it would be unconscionable to allow persons who clearly did not contribute to the account to receive a share of said funds. The Government seeks to win a factual argument without ever referencing or demonstrating their position with the very documents that can establish the accuracy of their position. Moreover, the Government alone has access to said documents. Mr. Robards respectfully asserts that this Honorable Court should deny the motion of the Government and permit him a period of discovery as allowed by the Federal Rules, as this is the only way he can access the documentation that will prove the truth of his claims, both legal and factual.

## **CONCLUSION**

For the foregoing reasons, Bob N. Robards has standing to contest the forfeiture, and substantial issues of fact exist necessitating a period of discovery. The Government's Motion to Dismiss his Petition should be denied, and discovery proceedings granted.

RESPECTFULLY SUBMITTED,

/s/THOMAS C. DAMICO
By: Thomas C. Damico, #04480
8048 One Calais Avenue Suite A
Baton Rouge, LA  70809
Telephone:  (225) 769-0190
Email:  tommy@thomasdamico.com
Attorney for Bob N. Robards

3

**CERTIFICATE OF SERVICE**

 I hereby certify that on May 13, 2015, I electronically filed the foregoing Response to Government's Motion to Dismiss with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are filing users in this case.

              Respectfully submitted,

              DAMICO & STOCKSTILL
              ATTORNEYS AT LAW

              <u>/s/THOMAS C. DAMICO</u>
              By:  Thomas C. Damico, #04480
              8048 One Calais Avenue Suite A
              Baton Rouge, LA  70809
              Telephone:  (225) 769-0190
              Facsimile:   (225) 769-0195
              Email:   tommy@thomasdamico.com
              Attorney for Bob N. Robards