UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
: 
UNITED STATES OF AMERICA    :    **<u>FINAL ORDER OF FORFEITURE</u>**
:
  - v. -    :    14 Cr. 123 (VSB)
:
ISHITA GANGULY,    :
:
           Defendant.    :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        WHEREAS, on or about February 20, 2014, ISHITA GANGULY (the "Defendant"), was charged in a three-count Indictment, 14 Cr. 123 (VSB) (the "Indictment") (D.E. 7),[1] with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); and money laundering, in violation of Title 18, United States Code, Section 1957 (Count Three);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment seeking, pursuant to Title 18, United States Code, Section 982(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two of the Indictment, including but not limited to, a sum of United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of the Indictment;

        WHEREAS, the Indictment included a second forfeiture allegation as to Count Three of the Indictment seeking, pursuant to Title 18, United States Code, Section 982(a)(1), the

---

[1] Docket Entry Numbers are referenced herein as "D.E.".

forfeiture of any property, real and personal, involved in the offense alleged in Count Three of the Indictment, and any property traceable to such property, including but not limited to, a sum in United States currency that in aggregate is property which was involved in the money laundering offense in Count Three of the Indictment or is traceable to such property;

WHEREAS, on or about March 7, 2014, the Court entered a Post-Indictment Restraining Order (D.E. 12), pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 246, restraining the following:

    a.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known and described as Block 6475, Lot 150, Staten Island, New York, more particularly described as 151 Nicolosi Drive, Staten Island, New York 10312 ("151 Nicolosi Drive"); and

    b.    All precious gemstones, precious metals, and jewelry purchased from Ross Simmons Jewelry, Short Hills Mall, Short Hills, New Jersey, on or about May 1, 2012, including a Ladies Rolex, Hallmarked Platinum 950, Model 179136, Serial No. Z406674 (the "Jewelry");

WHEREAS, on or about March 10, 2014, the Government filed a Forfeiture Bill of Particulars (D.E. 13) providing notice that the property subject to forfeiture as a result of the offenses described in Counts One through Three of the Indictment, as alleged in the Forfeiture Allegations and/or the Substitute Assets Provision in the Indictment, includes but is not limited to 151 Nicolosi Drive and the Jewelry;

WHEREAS, on or about May 22, 2014, the Government filed a Second Forfeiture Bill of Particulars (D.E. 17) providing notice that the property subject to forfeiture as a result of the offenses described in Counts One through Three of the Indictment, as alleged in the Forfeiture Allegations and/or the Substitute Assets Provision in the Indictment, includes but is

2

not limited to all monies and funds contained in JPMorgan Chase & Co. escrow account number 818002693, held in the name of Leonard Eli Bronner, Esq., up to and including $3,900,000.00 and all funds traceable thereto, including accrued interest (the "2693 Account");

WHEREAS, on or about May 23, 2014, the Court entered a Post-Indictment Restraining Order (D.E. 18), pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 246, restraining the 2693 Account;

WHEREAS, on or about October 3, 2014, the Defendant pled guilty to Count One of the Indictment and admitted the forfeiture allegation with respect to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from the proceeds traceable to the commission of the offense charged in Count One of the Indictment, including, but not limited to, a sum in United States currency representing the amount of proceeds obtained as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about February 17, 2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties/Money (the "Consent Order of Forfeiture") (D.E. 54), which: (i) imposed a money judgment against the Defendant, in the amount of $7,000,000 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment; and (ii) ordered the forfeiture to the United States of all of the Defendant's right, title and interest in the following properties:

    a.    151 Nicolosi Drive

   b.  the Jewelry; and

   c.  the 2693 Account;

(collectively, the "Specific Properties");

   WHEREAS, the Consent Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Consent Order of Forfeiture, notice of the United States' intent to dispose of the Specific Properties, and the requirement that any person asserting a legal interest in the Specific Properties must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Consent Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Properties and as a substitute for published notice as to those persons so notified;

   WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of notice of forfeiture and of the Government's intent to dispose of the Specific Properties before the United States can have clear title to the Specific Properties;

   WHEREAS, Notice of Forfeiture was posted on an official Government internet site (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on February 21, 2015. Proof of such publication was filed with the Clerk of the Court on March 26, 2015 (D.E. 68);

   WHEREAS, notice of the Consent Order of Forfeiture was sent on: (i) February 20, 2015 by certified mail, return receipt requested, to: Robert Robards c/o Thomas C. Damico,

4

Esq.; Seth Kanegis c/o Robert Amsel, Esq.; James Campbell c/o Brian Maas, Esq.; and Kevin Rudolf c/o Brian Maas, Esq.; and (ii) February 23, 2015 by electronic mail to Deniz Graf;

WHEREAS, on or about March 25, 2015, Bob N. Robards filed a Petition for Ancillary Hearing (D.E. 67) asserting an interest in and contesting the forfeiture of the 2693 Account (the "Robards Petition");

WHEREAS, on or about August 22, 2016, the Court issued a Memorandum and Order (D.E. 78) granting the Government's motion to dismiss the Robards Petition;

WHEREAS, on or about August 24, 2016, 151 Nicolosi Drive was sold by the Defendant resulting in the net proceeds of approximately $1,811,706.60 in United States currency (the "Nicolosi Drive Proceeds");

WHEREAS, the Nicolosi Drive Proceeds were delivered to the Government and deposited into the Internal Revenue Service's Treasury Suspense Account;

WHEREAS, the Defendant and the individuals listed above are the only persons known by the Government to have a potential interest in the:

    a.    Nicolosi Drive Proceeds;

    b.    Jewelry; and

    c.    2693 Account;

(collectively, the "Forfeited Properties");

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2); and

5

WHEREAS, thirty (30) days have expired since final publication of notice and no petitions or claims to contest the forfeiture of the Forfeited Properties have been filed other than the Robards Petition which has been dismissed;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Forfeited Properties is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeited Properties.

3. The Department of Treasury (or its designee) shall take possession of the Forfeited Properties and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Jason H. Cowley, Chief, Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       October 31, 2016

SO ORDERED:

_____
Vernon S. Broderick
United States District Judge