UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

-v.-

ISHITA GANGULY,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

14 Cr. 123 (VB)

       WHEREAS, on or about February 20, 2014, ISHITA GANGULY (the "Defendant"), was charged in a three-count Indictment, 14 Cr. 123 (VSB) (the "Indictment"), with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); and money laundering, in violation of Title 18, United States Code, Section 1957 (Count Three);

       WHEREAS, on or about October 3, 2014, the Defendant pled guilty to Count One of the Indictment and admitted the forfeiture allegation with respect to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981 (a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from the proceeds traceable to the commission of the offense charged in Count One of the Indictment, including, but not limited to, a sum in United States currency representing the amount of proceeds obtained as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about February 17, 2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment (Docket Entry No. 54) (the "Order of Forfeiture") that, among other things, imposed a money judgment in the amount of $7,000,000 in United States currency against the Defendant and forfeiting all right, title and interest in certain assets (the "Specific Property");

WHEREAS, on or about October 31, 2016, a Final Order of Forfeiture was entered forfeiting all right, title and interest of the Specific Property to the Government;

WHEREAS, to date, $ 2,733,313.82 of the Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and/or omissions of the Defendant, the proceeds of the offenses cannot be located upon the exercise of due diligence, have been transferred, sold to or deposited with a third party, have been placed beyond the jurisdiction of the Court, or have been commingled with other property which cannot be divided without difficulty;

WHEREAS, the United States is authorized, pursuant to Federal Rule of Criminal Procedure 32.2, to seek the forfeiture of the following asset of the Defendant, to be applied in partial satisfaction of the Money Judgment entered against her:

    a. All funds held on deposit in bank account number 1361530960018 held in the name of Ishita Ganguly located at Butterfield Bank (Cayman) Limited;

    b. All funds on deposit in bank account number 840115309600030 held in the name of Ishita Ganguly located at Butterfield Bank (Cayman) Limited;

    c. All funds on deposit in bank account number 1361530960029 held in the name of Ishita Ganguly located at Butterfield Bank (Cayman) Limited;

    d. All funds on deposit in bank account number 7069164 held in the name of Ishita Ganguly located at RBC Royal Bank (Cayman) Limited;

    e. All funds on deposit in bank account number 7379126 held in the name of Ishita Ganguly located at RBC Royal Bank (Cayman) Limited;

    f. All contents in safe deposit box 235 held in the name of Ishita Ganguly located at RBC Royal Bank (Cayman) Limited;

    g. all right, title and interest of Defendant in all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, of the real property described as Registration Section: George Town Central, Block 13E, Parcel 66, Cayman Islands.

(a through g, collectively, the "Substitute Assets");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Assets to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Upon entry of this Order, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally

published in newspapers. The United States forthwith shall publish notice of this Preliminary Order of Forfeiture of Substitute Assets for at least thirty (30) consecutive days. Any person, other than the defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

4. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Substitute Asset, and any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5. Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

6. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Substitute Assets forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
~~August~~ , ~~2021~~
September 20, 2022

SO ORDERED:

HONORABLE ~~ANALISA TORRES~~ Vernon Broderick
UNITED STATES DISTRICT JUDGE